```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF KENTUCKY
                    NORTHERN DIVISION
                     AT COVINGTON
               CIVIL ACTION NO. 05-210-DLB
```

**TRI-STATE EQUIPMENT RENTALS, LLC**                                    **PLAINTIFF**

**v.**

**MARK A. CHEVALIER,**
**d/b/a MAC INTERNATIONAL,**                                            **DEFENDANT**


                         **MEMORANDUM ORDER**

   Plaintiff has moved for the entry of a default judgment as a sanction pursuant to Rule 37, Fed. R. Civ. P.  Dismissal or default is a sanction which should be used "if the Court concludes that the party's failure to cooperate in discovery was willful, in bad faith, or due to its own fault."  *Beil v. Lakewood Engineering & Mf'g Co.*, 15 F.3d 546, 552 (6th Cir. 1994); *Regional Refuse Systems, Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir. 1988).  While entry of judgment against the offending party is obviously the harshest sanction which can be imposed for discovery abuses, it is warranted in some cases.  However, dismissal or default under Rule 37 should be imposed only after consideration of the following factors: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to

dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *See Regional Refuse System, Inc. v. Inland Reclamation Co.* 842 F.2d at 153-55.

In this case, a sanction short of default judgment is appropriate. The defendant's failure to serve responses to discovery requests originally served in March of 2006 is not substantially justified. Plaintiff previously filed an unopposed motion to compel production of the outstanding discovery, which motion was granted on December 20, 2006. At that time, plaintiff was directed to serve his long-overdue responses not later than December 27, 2006. Plaintiff failed to deliver responses until January 22, 2007.[1] The plaintiff has been prejudiced by its inability to obtain discovery and by being put to additional expense in prosecuting this action, including the filing of two discovery-related motions.

Plaintiff also seeks entry of the sanction of default on the basis that the overdue discovery responses recently served by defendant do not support a legitimate defense. However, it would be inappropriate to examine the legitimacy of a defense in the context of this motion for discovery sanctions. Should plaintiff believe itself entitled to judgment as a matter of law based upon

---

[1] Defendant's response to the motion and plaintiff's reply suggest that a few days of delay may be attributable to the miscommunications of counsel; however, the bulk of the delay rests squarely with the defendant.

2

the alleged inability of defendant to present a legal defense,[2] plaintiff is free to make an appropriate motion.

Examining the remaining factors under Rule 37, until now defendant has never had notice of the possibility of a default judgment. The fourth factor to be considered under *Regional Refuse* - the availability of lesser sanctions - also counsels against the entry of default as a sanction for defendant's discovery abuses. Based on a review of all appropriate factors under Rule 37, the court declines to enter a default judgment as a discovery sanction but instead will impose a monetary sanction based upon the defendant's extraordinarily dilatory conduct in responding to legitimate discovery requests.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's motion for sanctions [DE #30] is **denied in part and granted in part,** without prejudice to plaintiff's ability to move for entry of judgment on the merits;

2. Defendant shall pay to plaintiff the sum of $500.00 within fifteen (15) days of the date of this order as a monetary sanction for his failure to timely comply with the court's December 20, 2006 order;

3. The parties shall file additional joint or separate status reports at the close of discovery on or before **March 23, 2007.**

---

[2] On February 23, 2007, defendant moved to dismiss plaintiff's complaint for lack of *in personam* jurisdiction.

This 28th day of February, 2007

Signed By:
*J. Gregory Wehrman*
United States Magistrate Judge